
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAN FRANCISCO HERRING ASSOCIATION, | No. 15-16214 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-01750-JST |
| v. | MEMORANDUM* |
| U.S. DEPARTMENT OF THE INTERIOR; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted March 13, 2017
San Francisco, California

Before: WARDLAW and GOULD, Circuit Judges, and HUFF,** District Judge.

The San Francisco Herring Association ("SFHA") appeals the district

court's grant of summary judgment to the United States Department of the Interior

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation.

on the SFHA's claims for declaratory and injunctive relief. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand with instructions to dismiss.

**1.** The district court lacked subject matter jurisdiction over the SFHA's complaint. The Administrative Procedure Act ("APA") provides jurisdiction only for "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. The SFHA does not allege any action "made reviewable by statute," and must therefore establish that it is challenging some final agency action.

The SFHA does not directly challenge the regulation enacted in 1983 prohibiting commercial fishing in national parks, 36 C.F.R. § 2.3(d)(4). Instead, it challenges what it views as the National Park Service's decision to enforce the regulation against SFHA members, embodied in the Service's allegedly heightened patrol of the waters of the Golden Gate National Recreation Area ("GGNRA") in recent years.[1] While actions by which an agency enforces a statute or rule against a particular party may be "final agency action" within the meaning of 5 U.S.C.

---

[1] The SFHA is somewhat vague in describing the final agency action that it challenges. In its opening brief, it appears to describe both the informational notices sent by the Service and the Service's increased patrols of the GGNRA as final agency action. However, in its reply brief, the SFHA states that it "does not challenge the [2011] notice; it challenges [the Service's] actual *ultra vires* enforcement of the regulation against SFHA members that began later that season." We construe this to mean that the SFHA is challenging the patrols, not the notices.

2

§ 704, *Sackett v. E.P.A.*, 566 U.S. 120, 125–28 (2012), the Service's patrols are at best only the first step in the enforcement process, and thus do not meet the requirements for final agency action. *See Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (To be "final," agency action must "mark the consummation of the agency's decisionmaking process," and "must be one by which rights or obligations have been determined, or from which legal consequences will flow.") (internal citations and quotation marks omitted).

The Service's patrols of the GGNRA do not constitute final agency action, whatever practical effects those patrols may have on SFHA members' activities. *See Wild Fish Conservancy v. Jewell*, 730 F.3d 791, 801–02 (9th Cir. 2013) (Closing dam gates was not final agency action because it did not "mark the consummation of the agency's decisionmaking process." (quoting *Bennett*, 520 U.S. at 177–78)). The SFHA cites *Bicycle Trails Council of Marin v. Babbitt*, 82 F.3d 1445 (9th Cir. 1996), for the proposition that the closure of areas within a National Park may represent final agency action. However, *Bicycle Trails* is inapposite. The plaintiff there challenged not the physical closure of trails, but rather the final rule, adopted pursuant to notice and comment, determining which trails would be closed. *Bicycle Trails*, 82 F.3d at 1450. Likewise inapposite is *Southern Utah Wilderness Alliance v. Norton*, 301 F.3d 1217, 1229–30 (10th Cir.

3

2002), *rev'd on other grounds sub nom. Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55 (2004). The agency action in *Southern Utah* was final because the government failed to carry out a mandatory duty. *See id.*; *see also* 5 U.S.C. § 551(13) (failure to act may constitute agency action). The SFHA points to no such duty here. *Wind River Mining Corp. v. United States*, 946 F.2d 710, 716 (9th Cir. 1991), is also inapposite, because it concerned an agency's denial of a petition for review of an agency decision. Here, the SFHA does not appeal from the denial of a petition for review.

**2.** The SFHA's argument that we have jurisdiction because it exhausted its administrative avenues for challenging the Service's activities is wrong on both the facts and the law. First, the SFHA did not exhaust its claim at the administrative level. Instead of filing this lawsuit, the SFHA could have filed a complaint with the agency, given the APA's provision that agencies "shall give an interested person the right to petition for the issuance, amendment, or repeal of a rule." 5 U.S.C. § 553(e); *see also O'Keeffe's, Inc. v. U.S. Consumer Prod. Safety Comm'n*, 92 F.3d 940, 942 (9th Cir. 1996) (reviewing agency's denial of petition brought under Section 553(e) as "final agency action" pursuant to Section 706(2)(A)). Second, we need not consider the doctrine of exhaustion, because the SFHA has not identified any final agency action over which we have jurisdiction.

4

*See Darby v. Cisneros*, 509 U.S. 137 (1993) ("[T]he judicial doctrine of exhaustion of administrative remedies is conceptually distinct from the doctrine of finality.").

3.　　　The SFHA also posits that, even if the Service's enforcement activity did not create new legal obligations, it nevertheless constituted "final agency action" because it "require[d] an immediate and significant change in the plaintiffs' conduct of their affairs with serious penalties attached to noncompliance." *Abbott Labs. v. Gardner*, 387 U.S. 136, 153 (1967).　This confuses the issue of whether an agency action is final with that of whether a case is ripe for judicial review.　In fact, ripeness and finality are "distinct concepts." 16 Charles Alan Wright *et al.*, *Fed. Practice & Procedure* § 3942 (3d ed. 2017).　Because the SFHA does not challenge a final agency action, we need not consider whether the case is ripe.

This appeal comes to us at the summary judgment stage.　However, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).　Accordingly, the judgment of the district court is **VACATED**, and the case is **REMANDED** with instructions to **DISMISS** for lack of subject matter jurisdiction.